**VALERO INTERSTATE TRANS-
MISSION COMPANY,
Petitioner,**

v.

**FEDERAL ENERGY REGULATORY
COMMISSION, Respondent.**

No. 85–4958.

United States Court of Appeals,
Fifth Circuit.

Dec. 4, 1986.

Sherman Poland, Washington, D.C., M. Frazier King, Jr., Thomas George Wagner, San Antonio, Tex., for petitioner.

Joanne Leveque, Jerome Feit, Sol., F.E.R.C., Washington, D.C., for respondent.

Before CLARK, Chief Judge, THORNBERRY, and HIGGINBOTHAM, Circuit Judges.

THORNBERRY, Circuit Judge:

This is an appeal from an order of the Federal Energy Regulatory Commission ("FERC") dismissing an application for abandonment of certain jurisdictional services under the Natural Gas Act ("NGA").

Valero Interstate Transmission Co. ("Vitco") is an interstate gas pipeline. Transcontinental Oil Co. ("Transco") purchased gas from Vitco. Vitco also transported gas for Transco that Transco purchased directly from small producers.

Under the NGA, Vitco was required to obtain certificate authority from the FERC to construct gas facilities and initiate sales. 15 U.S.C. § 717f. Vitco obtained the required FERC approval. As a purchaser, Transco was not required to obtain a certificate from FERC. However, Transco had constructed facilities to operate at two delivery points where the Transco and Vitco systems intersected. Transco obtained the required approval for such construction.

In December 1983, Transco, pursuant to the terms of the Vitco contract, terminated its purchases of gas from Vitco. In January 1984, Transco applied to FERC for an order, pursuant to Section 7(b) of the NGA, 15 U.S.C. § 717f(b),[1] granting Transco authority to abandon any jurisdictional service that Transco rendered through its purchases from Vitco.

FERC dismissed Transco's abandonment application because "the cessation of purchases by Transco will not result in aban-

---

1. This section provides:
   No natural gas company shall abandon all or any portion of its facilities subject to the jurisdiction of the Commission, or any service rendered by means of such facilities without the permission and approval of the Commission first had and obtained after due hearing, and a finding by the Commission that the available supply of natural gas is depleted to the extent that the continuance of such service is unwarranted or that present or future public convenience or necessity permit such abandonment.

donment of any facilities or any jurisdictional services rendered thereby." [2]

The issue before this court is whether Transco's cessation of purchases from Vitco comes within the meaning of "any service" under Section 7(b) of the NGA. If purchasing gas constitutes a service under that section, then Transco's cessation of such purchases requires prior FERC approval.

Shortly after the court heard oral argument in this case, a panel of the District of Columbia Circuit issued an opinion on the precise question before this court today. In *Panhandle Eastern Pipeline Co. v. Federal Energy Regulatory Commission*, 803 F.2d 726 (D.C.Cir.1986) the D.C. Circuit held that Mississippi River Transmission Corporation's ("MRT") cessation of gas purchases from Trunkline Gas Company ("Trunkline") required prior FERC approval. MRT's purchasing of gas amounted to a "service" within the meaning of the NGA. The court reversed a FERC order dismissing an abandonment application.

*Panhandle* is on all fours with the instant case. Although we are not bound by the conclusions of our sister circuit, we are persuaded that the District of Columbia Circuit reached a proper result.

The *Panhandle* court found the issue of whether the cessation of purchases required prior FERC approval squarely controlled by *United Gas Pipeline v. Federal Power Commission*, 385 U.S. 83, 87 S.Ct. 265, 17 L.Ed.2d 181 (1966). Pursuant to a certificate issued by the Federal Power Commission ("FPC"), United constructed facilities for the purchase of gas from Continental Oil Co. United sought to cease purchasing gas from Continental after Continental obtained a rate increase from the FPC. United argued that its decision to cease purchasing did not require prior approval from the FPC since the NGA gave the Commission authority only over the transportation and sale of gas, not purchases. 15 U.S.C. § 717f(b).

The *United* Court held that the term "any service" within the meaning of section 7 of the NGA included both the transportation and sale of gas. Nonetheless, United's decision to cease *purchasing* gas was a "service" within the jurisdiction of the FPC. The Court noted that "[i]t could not be more clear that United has abandoned a 'service', the *taking* of Johnson Bayou Field gas and its transportation in interstate commerce." *United*, 385 U.S. at 88–89, 87 S.Ct. at 269. (emphasis supplied).

The *Panhandle* court found that *United* controlled the controversy before it. According to the court, "MRT has ceased purchasing and transporting the gas it received from Trunkline. Thus, MRT has abandoned a service within the meaning of section 7(b) because it has ceased 'taking' and 'transporting' the gas it previously purchased from Trunkline...." (803 F.2d at 729). As a result, FERC had jurisdiction pursuant to section 7 of the NGA to hear MRT's abandonment application.[3]

There can be little doubt that the *Panhandle* rationale applies with equal force in the instant case.[4] Transco seeks to cease purchasing gas from Vitco. Transco applied to FERC for abandonment authorization. FERC dismissed the application for essentially the same reasons it dismissed

---

**2.** *See* 32 FERC ¶ 61,208 (1985). The order of the Commission also contains a more detailed recitation of the factual background of this case.

**3.** FERC attempted to distinguish *United* on the ground that no actual facilities were being abandoned in the *Panhandle* case. As the Commission noted, "MRT requests permission to abandon its purchases of gas from Trunkline, but does not seek abandonment of any jurisdictional facilities used in conjunction with those purchases or of any jurisdictional services." (803 F.2d at 729). FERC argued that the *United* decision was limited to situations in which the

cessation of purchases leads to an actual abandonment of facilities.

The *Panhandle* court rejected this distinction. Under the court's reading of *United*, a "refusal to continue receiving and transporting gas from a particular source is an abandonment for purposes of Section 7(b)." (803 F.2d at 729).

**4.** In the interests of brevity, we will not detail the arguments and counterarguments raised by the parties in this case. All pertinent issues are well ventilated in the D.C. Circuit's scholarly opinion.

the application in *Panhandle.* Under the unambiguous holding of *Panhandle,* FERC's dismissal of Transco's application was improper.

For the reasons stated above, we reverse the order dismissing the abandonment application and remand the case to FERC for further proceedings.

REVERSED.